Hon. Christopher M. Alston

# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| OCEAN SUSHI, Inc., | Case No. 19-BK-13394 |
| Debtor. | |
| EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of OCEAN SUSHI, INC., | Adv. No. 21-AP-1053 |
| Plaintiff, | |
| v. | |
| B&L Trading, LLC, | |
| Defendant. | |

**B&L TRADING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO TRUSTEE'S COMPLAINT**

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: (213) 239-5100

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 1 of 16

Defendant B&L Trading, LLC ("B&L Trading") asserts the following answers and affirmative defenses to the Complaint of Edmund J. Wood, solely in his capacity as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Ocean Sushi, Inc. (the "Debtor"), and as plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"). To the extent an allegation is not expressly admitted herein, B&L Trading denies such allegation.

## I. INTRODUCTION

1.1. Edmund J. Wood, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Ocean Sushi, Inc., by and through his undersigned counsel complains as set forth below.

**ANSWER:** Paragraph 1.1 does not contain an allegation and therefore no response is required. To the extent a response is required, B&L Trading denies any allegation in Paragraph 1.1.

## II. JURISDICTION AND VENUE

2.1. This is an action to recover estate property by compelling turnover of property and avoiding fraudulent transfers of the estate and thus is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2) (E), (H) and (O).

**ANSWER:** B&L Trading admits that the Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). B&L consents to the entry of final orders or judgments by the Bankruptcy Court on the claims asserted in the Trustee's Complaint and the defenses asserted herein. B&L Trading denies the remaining allegations in Paragraph 2.1.

2.2. This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. §157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§105, 510, and 542, 544 and 548.

**ANSWER:** B&L Trading admits that 28 U.S.C. § 1334(b) grants this Court jurisdiction. B&L Trading denies the remaining allegations in Paragraph 2.2.

2.3. This matter has been referred to the Bankruptcy Judges of the District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.

**ANSWER:** B&L Trading admits that the Adversary Proceeding has been referred to the judges of the United States Bankruptcy Court for the Western District of Washington. B&L Trading denies the remaining allegations in Paragraph 2.3.

2.4. Venue is proper under 28 U.S.C. §1409.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053
Page 2

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 2 of 16

**ANSWER:** B&L Trading admits that venue is proper before this Court pursuant to 28 U.S.C. § 1409. B&L Trading denies the remaining allegations in Paragraph 2.4.

### III. PARTIES

3.1. Ocean Sushi, Inc. ("the Debtor") filed a voluntary Chapter 7 petition on September 12, 2019 ("Petition Date").

**ANSWER:** Admitted.

3.2. Edmund J. Wood was appointed as the Chapter 7 Trustee ("Trustee") for the case on September 12. 2019. The Trustee is authorized to bring this action pursuant to §§ 105, 542, 544, 548, 550 and 551 of the Bankruptcy Code and does so solely in his capacity as Trustee for the Ocean Sushi estate.

**ANSWER:** B&L Trading admits that the Trustee was appointed in the Debtor's chapter 7 case. The remainder of Paragraph 3.2 asserts legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the remainder of the allegations in Paragraph 3.2.

3.3. B & L Trading LLC is a Washington Limited Liability Company whose business address is 601 SW 7th Street. Renton WA 98057-2291. The Washington Secretary of State's Office lists two other names under which it does business as: Big Sea Trading C and Long Chang Trading LLC.

**ANSWER:** B&L Trading admits that it is a limited liability company formed in the state of Washington, and that its principal address is 601 SW 7th Street, Renton, WA 98057-2921. B&L lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning records maintained by the Washington Secretary of State, and accordingly denies the remainder of allegations in Paragraph 3.3.

### IV. STATEMENT OF FACTS

4.1. The principal and sole shareholder of the Debtor is Chang De Lin. He is married to Hui Ru Dong. They own other Sushi buffets and restaurants including Mizuki Corporation, and Main Chinese Buffet.

**ANSWER:** B&L Trading lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.1 and therefore denies the allegations.

4.2. The Debtor made a series of transfers from 2013 through 2018 to Big Sea Trading, B & L Trading and Long Chang Trading in an amount of not less than $2,602,723.94 (collectively, the "Transfers").

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Page 2

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 3 of 16

| Year | Big Sea | B&L Trading | Long Chang | Year Total |
|---|---|---|---|---|
| 2013 | $98,658.07 | $0.00 | $133,308.74 | $231,966.81 |
| 2014 | $13,452.51 | $0.00 | $8,398.09 | $21,850.60 |
| 2015 | $380,654.73 | $0.00 | $269,317.38 | $649,972.11 |
| 2016 | $347,640.28 | $0.00 | $262,704.44 | $610,344.72 |
| 2017 | $349,437.77 | $3,839.16 | $299,662.20 | $652,939.13 |
| 2018 | $192,300.68 | $0.00 | $243,349.90 | $435,650.58 |
| Total | $1,382,144.04 | $3,839.16 | $1,216,740.75 | $2,602,723.94 |

**ANSWER:** B&L Trading admits that, in the ordinary course of business, B&L Trading sold seafood products to the Debtor, and therefore provided reasonably equivalent value to the Debtor in exchange for the purchase price of such products. B&L lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 4.2 because the Trustee failed to schedule each transfer on a transfer-by-transfer basis, and instead aggregates alleged transfer amounts without disclosing which transfers are included in such amounts. To the extent a response is required, B&L Trading denies the remainder of the allegations in Paragraph 4.2.

4.3. Upon information and belief the Plaintiff alleges that there were other transfers made to the Defendant which are subject to avoidance.

**ANSWER:** Denied.

4.4. Upon information and belief the Plaintiff alleges that the Debtor did not and has never had a loan with the Defendants.

**ANSWER:** B&L Trading admits that it provided goods to the Debtor on credit. B&L Trading denies the remainder of the allegations in Paragraph 4.4.

4.5. The Plaintiff alleges that the payments to the Defendants were made in payment of obligations owed by Mizuki Corporation, Main Chinese Buffer or other corporations owed by Chang De Lin and his wife.

**ANSWER:** Paragraph 4.5 asserts legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 4.5.

4.6. The Debtor did not receive reasonably equivalent value in exchange for the transfers made to the Defendant.

**ANSWER:** Paragraph 4.6 asserts legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 4.6.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Page 2

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 4 of 16

4.7. On October 27, 2016 the Debtor was notified by the State of Washington Department of Revenue that it was being audited for the period of January 1, 2013 to September 30, 2016 and that the audit was scheduled for February 13, 2017.

**ANSWER:** B&L lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 4.7 and therefore denies the allegations.

4.8. In 2017 the IRS started an audit of the Debtor's 2014 and 2015 tax returns.

**ANSWER:** B&L lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 4.8 and therefore denies the allegations.

4.9. Sometime prior to August 28, 2018 the Debtor was notified that it owed the IRS $266,476.86 for the tax year 2016 The Debtor did not respond and therefore on August 28, 2018 the IRS sent the Debtor a Notice of Levy in the amount of $266,476.86.

**ANSWER:** B&L lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 4.9 and therefore denies the allegations.

4.10. The Internal Revenue filed a proof of claim, #1, on November 12, 2019 for the following years in the following amount for unpaid 1120 taxes.

| Year | Amount Owing | Status |
| --- | --- | --- |
| 2014 | $179,089.66 | General unsecured claim |
| 2015 | $222,494.98 | General unsecured claim |
|  | $107,975.37 | Interest on general unsecured claim |
| 2016 | $190,888.59 | §507(a)(8) claim |
| 2017 | $41,989.55 | §507(a)(8) claim |
| 2018 | $39,827.10 | §507(a)(8) claim |
|  | $56,210.00 | Penalties on §507(a)(8) claim |
| Total | $838,475.25 |  |

**ANSWER:** B&L Trading respectfully refers the Court to the IRS' proof of claim (Claim No. 1), which speaks for itself. The remainder of the allegations in Paragraph 4.10 call for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the remainder of the allegations in Paragraph 4.10.

4.11. In 2014, the Debtor was unable to pay its debts as they came due, which is evidenced by the outstanding obligation of $179,089.66 owed to the IRS.

**ANSWER:** Paragraph 4.11 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.11 and therefore denies the allegations in Paragraph 4.11.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053
Page 4

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 5 of 16

4.12. By 2015 the Debtor was insolvent. The Debtor's 2015 tax returns show that at the beginning of 2015 there was an outstanding shareholder loan of $210,518. During 2015, $153,118.00 of that loan was repaid. At the end of 2015, the amount owing on the shareholder loan was $57,400.

**ANSWER:** Paragraph 4.12 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.12 and therefore denies the allegations in Paragraph 4.12.

4.13. In 2015 the assets of the Debtor were listed as $442,690 and the liabilities were listed as $64,296.00 However, the liabilities did not include the unpaid 2014 corporate tax obligation owed to the IRS of $170,089.66 nor the 2015 IRS tax obligation in the amount of $222,494.98, which, when combined with the $64,296 total $465,880.64.

**ANSWER:** B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.13 and therefore denies the allegations in Paragraph 4.13.

4.14. The Debtor's 2016 tax return shows that the Debtor owed $265,087 in taxes but it had only paid $36,817 and thus owed the IRS $228,419, including an estimated tax penalty of $149.00. The Debtor's 2016 Form 1120, Schedule L lists unpaid obligations for sales tax in the amount of $22,343, wages in the amount of $28,421, payroll taxes of $15,299 and the IRS obligation of $228,270 for total unpaid obligations of $294,333. This does not include the unpaid amount owed for 2014 and 2015 of $401,584.64, not including interest. The Debtor was insolvent and/or was not paying its debts as they became due in 2016.

**ANSWER:** Paragraph 4.14 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.14 and therefore denies the allegations in Paragraph 4.14.

4.15. The Debtor's 2017 tax returns show that the Debtor owed total tax of $38,936 and had made payments during that year of zero, and with the estimated penalty of $1,244 it owed $40,180.00. The Debtor's 2017 tax return shows other current liabilities of $324,152 which includes $30,457 of sales tax, $53,843 of wages, $23,346 of payroll tax and $226,506 in income tax payable. This does not include the $40,180 owed for 2017, nor the $401,584.64 owed for 2014 and 2015 corporate taxes. In 2017 the Debtor was insolvent and/or not paying its creditors, including the IRS, as its debts became due.

**ANSWER:** Paragraph 4.15 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.15 and therefore denies the allegations in Paragraph 4.15.

4.16. The Debtor's 2018 tax return shows that it owed income tax of $8,031 and had paid zero, owed $278 in a tax penalty for unpaid 2018 corporate taxes of $8,309. The Debtor's tax return shows assets of $200,717 and liabilities of $1,040,132.00.

**ANSWER:** B&L Trading lacks sufficient knowledge or belief to form a belief as to the truth of the allegations in Paragraph 4.16 and therefore denies the allegations.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Page 5

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 6 of 16

4.17. The Debtor was not only insolvent, but it was also not paying its debts as they became due.

**ANSWER:** Paragraph 4.17 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.17 and therefore denies the allegations in Paragraph 4.17.

4.18. Based upon the timing of the Transfers, the Plaintiff alleges that the Debtor made the payments to the Defendants with at least the intent to hinder and delay, if not outright defraud, the IRS.

**ANSWER:** Paragraph 4.18 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 4.18.

## FIRST CAUSE OF ACTION
## TURNOVER OF PROPERTY OF THE ESTATE (11 U.S.C. § 542)

5.1. Paragraphs I through IV and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

**ANSWER:** B&L Trading restates and incorporates by reference as though fully set forth herein its answers to each of the allegations above.

5.2. The Defendant is in possession, custody or control of property of the estate that the Plaintiff may use, including the funds owed to the Debtor that the Trustee could use under 11 U.S.C. §542(a).

**ANSWER:** Denied.

## SECOND CAUSE OF ACTION
## FRAUDULENT CONVEYANCES (11 U.S.C. § 544 and RCW § 19.40)

6.1. Paragraphs 1 through V and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

**ANSWER:** B&L Trading restates and incorporates by reference as though fully set forth herein its answers to each of the allegations above.

6.2. The Transfers made by the Debtor to the Defendant are avoidable pursuant to RCW 19.40.010 et. seq.

**ANSWER:** Paragraph 6.2 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 6.2.

6.3. The Transfers by the Debtor to the Defendant were made with actual intent to hinder, delay or defraud creditors of the Debtor. Specifically, the Debtor was aware that it owed no funds to the Defendant and knew that paying this Defendant would hinder, delay or impair its ability to pay obligations owed to its legitimate creditors, such as the $838,000.00 owed to the IRS.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Page 6

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 7 of 16

ANSWER: Paragraph 6.3 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.3 and therefore denies the allegations in Paragraph 6.3.

6.4. The Transfers by the Debtor to the Defendant were made without the Debtor receiving reasonably equivalent value in exchange for the Transfers.

ANSWER: Paragraph 6.4 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.4 and therefore denies the allegations in Paragraph 6.4.

6.5. The Transfers by the Debtor to the Defendant caused the Debtor to engage or thereafter engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

ANSWER: Paragraph 6.5 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.5 and therefore denies the allegations in Paragraph 6.5.

6.6. The Transfers by the Debtor to the Defendant should have caused the Debtor to believe that it would incur debts beyond its ability to pay as they became due.

ANSWER: Paragraph 6.6 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.6 and therefore denies the allegations in Paragraph 6.6.

6.7. The Debtor was insolvent on the date of each and every one of the Transfers. Alternatively, the Debtor became insolvent as a result of the Transfers.

ANSWER: Paragraph 6.7 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6.7 and therefore denies the allegations in Paragraph 6.7.

### THIRD CAUSE OF ACTION
### FRAUDULENT TRANSFERS (11 U.S.C. § 548)

7.1. Paragraphs I through VI and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

ANSWER: B&L Trading restates and incorporates by reference as though fully set forth herein its answers to each of the allegations above.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Page 7

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 8 of 16

7.2. The Transfers set forth in paragraphs IV above were made to and/or for the benefit of the Defendant.

**ANSWER:** Paragraph 7.2 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 7.2.

7.3. The Debtor did not receive reasonably equivalent value in exchange for the Transfers.

**ANSWER:** Paragraph 7.3 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 7.3.

7.4. The Debtor was insolvent on the date of each of the Transfers.

**ANSWER:** Paragraph 7.4 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 7.4.

7.5. The Transfers to the Defendant were made with actual intent to hinder, delay and defraud creditors to whom the Debtor was indebted before or after the date of the Transfers. Specifically, the Debtor was aware that it owed no funds to the Defendant and knew that paying this Defendant would hinder, delay or impair its ability to pay obligations owed to its legitimate creditors, such as the $838,000.00 owed to the IRS.

**ANSWER:** Paragraph 7.5 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7.5 and therefore denies the allegations in Paragraph 7.5.

7.6. The Transfers to the Defendant are therefore avoidable pursuant to 11 U.S.C. §548.

**ANSWER:** Paragraph 7.6 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 7.6.

7.7. The Plaintiff may recover the value of the Transfers under 11 U.S.C. §550.

**ANSWER:** Paragraph 7.7 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 7.7.

### FOURTH CAUSE OF ACTION
### FRAUDULENT TRANSFERS UNDER FEDERAL LAW

8.1. Paragraphs I through VII and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

**ANSWER:** B&L Trading restates and incorporates by reference as though fully set forth herein its answers to each of the allegations above.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Page 8

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 9 of 16

8.2. As described above, the Debtor improperly and fraudulently made the Transfers to or for the benefit of the Defendant.

**ANSWER:** Paragraph 8.2 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.2.

8.3. At the time of the Transfers set forth above the Debtor and its principals knew it had significant outstanding liabilities owed to the IRS.

**ANSWER:** B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.3 and therefore denies the allegations in Paragraph 8.3.

8.4. The Transfers were made to or for the benefit of the Defendant.

**ANSWER:** Paragraph 8.4 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.4.

8.5. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud the creditors or future creditors of the Debtor.

**ANSWER:** Paragraph 8.5 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.5 and therefore denies the allegations in Paragraph 8.5.

8.6. The Transfers set forth above were to or for the benefit of insiders of the Debtor.

**ANSWER:** Denied.

8.7. The Debtor did not retain possession or control of the Transfers after the Transfers were made.

**ANSWER:** Paragraph 8.7 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.7.

8.8. The Transfers were not disclosed, but rather concealed, from the public and Debtor's creditors because the Debtor is a privately held company.

**ANSWER:** B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.8 and therefore denies the allegations in Paragraph 8.8.

8.9. The Debtor concealed assets from its present and future creditors through the Transfers.

**ANSWER:** Paragraph 8.9 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.9 and therefore denies the allegations in Paragraph 8.9.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Page 9

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 10 of 16

8.10. At the time the Transfers were made, or thereafter, the United States of America was (or later became) a creditor of the Debtor.

**ANSWER:** Paragraph 8.10 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.10 and therefore denies the allegations in Paragraph 8.10.

8.11. The United States of America (the "United States") is a creditor of the Debtor holding a Section 507 priority claim against the Debtor in the amount of $272,705.24, an unsecured claim against the Debtor in the amount of $401,585.03, and a §726(a)(4) penalty claim in the amount of $164,085.87. The IRS would have a right under applicable non-bankruptcy law, including without limitation, 28 U.S.C. §3304(b), to avoid the Transfers.

**ANSWER:** Paragraph 8.11 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.11. B&L Trading further states that the proof of claim that the United States filed in this chapter 7 case (Claim No. 1) speaks for itself, including the amounts demanded therein.

8.12. The Debtor was effectively insolvent at the time of the Transfers or became insolvent after the Transfers because of the hundreds of thousands of dollars owed to the IRS.

**ANSWER:** Paragraph 8.12 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.12 and therefore denies the allegations in Paragraph 8.12.

8.13. The Transfers occurred shortly before or shortly after substantial debts were continuously being incurred with respect to Debtor's unpaid tax liabilities.

**ANSWER:** Paragraph 8.13 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.13 and therefore denies the allegations in Paragraph 8.13.

8.14. At the time of the Transfers, the Debtor was not able to pay its debts and liabilities as they became due.

**ANSWER:** Paragraph 8.14 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.14 and therefore denies the allegations in Paragraph 8.14.

8.15. At the time of the Transfers, the sum of the Debtor's debts including its tax liabilities was greater than all of the Debtor's assets.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel. (213) 239-5100

Page 10

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 11 of 16

**ANSWER:** Paragraph 8.15 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.15 and therefore denies the allegations in Paragraph 8.15.

8.16. As a result of the Transfers, the Debtor and its creditors have been harmed and damaged.

**ANSWER:** Paragraph 8.16 calls for legal conclusions to which no response is required. In addition, B&L Trading lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8.16 and therefore denies the allegations in Paragraph 8.16. B&L Trading further states that the Debtor's only creditor is the IRS, which filed a claim in the amount of $838,476. B&L Trading denies that the IRS was harmed by the alleged Transfers since the amount of the IRS' claim is less than the amount of the alleged Transfers.

8.17. The Defendant benefited from the fraudulent conveyance of the Transfers.

**ANSWER:** B&L Trading admits that it provided seafood products and reasonably equivalent value to the Debtor in exchange for payment in the ordinary course of business. B&L Trading denies the remainder of the allegations in Paragraph 8.17.

8.18. Under 11 U.S.C. §544(b)(1) a trustee may "step into the shoes" of an unsecured creditor to recover transfers such actual creditor would have been able to recover save for the filing of the bankruptcy case.

**ANSWER:** Paragraph 8.18 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.18.

8.19 A trustee's action under § 544(b) is timely if the unsecured creditor's claim may be timely brought under the applicable law including, but not limited to, 28 U.S.C. § 3306(b)(1), which provides that the United States may bring an action to avoid a transfer done with actual intent to hinder, delay, or defraud a creditor within two years after the transfer was, or reasonably could have been, discovered by the claimant. This claim is timely pursuant to 11 U.S.C. § 546(a).

**ANSWER:** Paragraph 8.19 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.19.

8.20 The fraudulent nature of the Transfers was not and could not reasonably have been discovered by the Debtor's creditors, including without limitation, the United States, or the Plaintiff until after the Petition date.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel. (213) 239-5100

Page 11

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 12 of 16

**ANSWER:** Paragraph 8.20 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.20.

8.21 Under 22 U.S.C. §544, a transaction that is voidable by a single, actual unsecured creditor may be avoided in its entirety, regardless of the size of the creditor's claim. In other words, even if the triggering creditor is owed only a nominal amount, the entire transfer can be avoided and used to satisfy claims of creditors.

**ANSWER:** Paragraph 8.21 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.21.

8.22 Under 11 U.S.C. §§544(b), 550(a) and 551, 28 U.S.C. § 3304, and/or other applicable law, Plaintiff is entitled to avoid and recover the Transfers or value of the distributions transferred to the Defendant, with interest, and preserve the recovered Transfers for the benefit of the estate.

**ANSWER:** Paragraph 8.22 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.22.

8.23 Plaintiff is entitled to a judgment against the Defendant in an amount to be determined at trial, plus interest.

**ANSWER:** Paragraph 8.23 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 8.23.

### FIFTH CAUSE OF ACTION
### PRESERVATION OF AVOIDED TRANSFERS

9.1. Sections I through VIII are hereby repeated and incorporated as though set forth herein.

**ANSWER:** B&L Trading restates and incorporates by reference as though fully set forth herein its answers to each of the allegations above.

9.2. Any and all transfers avoided under the claims for relief in this complaint are preserved for the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551.

**ANSWER:** Paragraph 9.2 calls for legal conclusions to which no response is required. To the extent a response is required, B&L Trading denies the allegations in Paragraph 9.2.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Page 12

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 13 of 16

# AFFIRMATIVE DEFENSES

In addition to its answers to the allegations set forth above, and without assuming the burden of proof on any claims, defenses, or legal or factual issues that would otherwise rest with the Trustee, B&L Trading asserts the following affirmative and other defenses to the claims asserted against B&L Trading:

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Trustee lacks standing to assert the claims in the Complaint.

3. The Trustee's claims are barred, in whole or in part, by the statute of limitations or repose.

4. The Trustee's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, release, and/or *laches*.

5. The Trustee's claims are barred, in whole or in part, because B&L Trading took for value, in good faith, and without knowledge of the alleged voidability of any transfer.

6. The Trustee's claims are barred, in whole or in part, because B&L Trading provided reasonably equivalent value to the Debtor and, at the time of each alleged transfer, the Debtor was not insolvent, was not engaged in (or about to engage in) a business or transaction for which any property remaining with the Debtor was unreasonably small capital, and the Debtor did not intend to incur debts beyond the Debtor's ability to pay as they matured.

7. The Trustee's claims are barred, in whole or in part, by the doctrines of accord and satisfaction and/or payment.

8. The Trustee's claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

9. The Trustee's claims are barred, in whole or in part, by the Debtor's own comparative or contributory fault, negligence, or wrongdoing.

10. The Trustee's claims are barred, in whole or in part, by the doctrine of ratification.

11. The Trustee's claims are barred, in whole or in part, to the extent the alleged injuries were not caused, actually or proximately, or contributed to, by any acts on the part of B&L Trading.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053
Page 13

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 14 of 16

12. The Trustee's claims are barred, in whole or in part, because B&L Trading is not liable for the acts of any other entity that allegedly received transfers that the Trustee seeks to avoid.

13. The Trustee's claims are barred, in whole or in part, to the extent the alleged transfers were not made to or on behalf of B&L Trading.

14. The Trustee's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

15. Without admitting that the Trustee is entitled to recover damages in this matter, any recovery against B&L Trading is limited by the single satisfaction rule in 11 U.S.C. § 550(d) and any attempt to recover twice from B&L Trading is prohibited.

16. Without admitting that the Trustee is entitled to recover damages in this matter, any recovery against B&L Trading must be limited to the amount necessary to satisfy the sole claim asserted against the Debtor's estate, and no greater amount.

17. B&L Trading asserts all rights of recoupment, recovery, and setoff, including, but not limited to, claims under Sections 550(e) and 502(h) of the Bankruptcy Code.

18. B&L Trading reserves its right to assert any additional defenses or any counterclaims, cross-claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigations and to amend its answer accordingly.

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053
Page 14

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 15 of 16

## **PRAYER FOR RELIEF**

WHEREFORE, B&L Trading requests that this Court enter judgment in its favor and against the Trustee on each Count of the Complaint, and that the Court grant such other relief as the Court deems just and equitable.

Dated: November 15, 2021

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ *Brent Caslin*
Brent Caslin, Washington State Bar No. 36145
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: (213) 239-5100
Fax: (213) 239-5199
E-mail: bcaslin@jenner.com

*Counsel for B&L Trading, LLC*

B&L Trading, LLC's Answer & Affirmative Defenses
21-AP-1053

Jenner & Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100

Page 15

Case 21-01053-CMA    Doc 10    Filed 11/15/21    Ent. 11/15/21 08:41:36    Pg. 16 of 16